**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**


WANDA ROUGHGARDEN,

     Plaintiff,

v.                                                                   Case No:  2:12-cv-42-Ftm-29DNF


J.C. PENNEY CORPORATION, INC.,

     Defendant.

_____/


**<u>SETTLEMENT CONFERENCE ORDER</u>**


    1.  A settlement conference shall be held before the Honorable Sheri Polster Chappell with counsel and representatives of the parties on **MAY 9, 2013, at 9:00 A.M., at the United States Courthouse and Federal Building, 2110 First Street, Courtroom 5D, Fort Myers, Florida 33901.**  The parties' representatives and/or counsel **shall** be prepared to participate and negotiate a settlement of this case during the conference in accordance herewith.

    2.  Unless excused by Order of the Court, clients or client representatives with complete authority to negotiate and consummate a settlement **shall** be in attendance at the settlement conference.  This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client.   For a defendant, such representatives must have final settlement authority to commit the organization to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.  For a plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer.

Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present.  Such representative must have final settlement authority to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.

If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, in counsel's sole discretion, the client, client's representative, or insurance company representative, as applicable, need not attend.  The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.  In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, he or he/she shall immediately discuss the circumstance with opposing counsel to resolve it well before the settlement conference, and, if such discussion does not resolve itself, request a telephone conference with the court and counsel.

3.  Counsel appearing for the settlement conference without their client representatives or insurance company representatives, authorized as described above, will cause the settlement conference to be canceled or rescheduled.  The non-complying party, attorney, or both may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court.  Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

4.  Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and make a serious effort to settle the case on their own.  Before arriving at the settlement conference the parties are to discuss settlement with their respective clients and insurance representatives and shall exchange with opposing counsel proposals for settlement so the parameters of settlement have been explored well in advance. The parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court.  Refusal to make offers, counter-offers, or respond to offers is not a good faith effort towards settlement.  Specific proposals and counter proposals shall be made.  If as a result of

such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with the undersigned and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be cancelled or postponed.  If such a conference is sought, it shall be sought soon enough that fees and expenses otherwise to be incurred in the convening of a settlement conference can be avoided, normally at least two working days before the settlement conference.  If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

     5.  **A settlement conference statement of each party must be submitted directly to the undersigned no later than the close of business on MAY 6, 2013.  Each party shall FAX the undersigned at (239) 461-2139, in confidence, a concise statement of the evidence the party expects to present setting forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed. Notwithstanding the parties' claims with respect to liability and defenses, the Court expects that each party will provide the Court with an estimated settlement value and the reasons therefor including the potential scope of liability and the probabilities of success for the claims and defenses at trial.  The settlement conference statements shall not exceed five (5) pages in length.  The settlement statement <u>shall</u> <u>not</u> be filed with the Clerk and <u>will</u> <u>not</u> be made a part of the case file.  The settlement statement <u>shall</u> <u>not</u> be provided to the other parties in the case. This statement shall be for the exclusive use of the magistrate judge in preparing for and conducting the settlement conference.**

     6.  At the settlement conference, the parties will be given the opportunity to give a brief presentation outlining the factual highlights of their case.  Then, separate, confidential caucuses will be held with each party and the party's representatives.

     7.  Notwithstanding the provisions of Rule 408, Fed.R. Evid., all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.  This

provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

      **DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of April, 2013.


SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE




Copies:        All Parties of Record